09-2246-ag
Ou v. Holder

BIA
Laforest, IJ
A099 670 040

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of January, two thousand ten.

PRESENT:
            DENNIS JACOBS,
                    *Chief Judge,*
            ROGER J. MINER,
            PIERRE N. LEVAL,
                    *Circuit Judges.*

_____

JIA XIN OU,
            *Petitioner,*

            v.                                    09-2246-ag
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, BOARD OF IMMIGRATION APPEALS
            *Respondents.*

_____

**FOR PETITIONER:**     Henry Zhang, New York, New York.

**FOR RESPONDENTS:**    Tony West, Assistant Attorney General, Civil Division; Janice Redfern, Senior Litigation Counsel; Scott Rempell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jia Xin Ou, a native and citizen of the People's Republic of China, seeks review of an April 30, 2009 order of the BIA affirming the October 26, 2007 decision of Immigration Judge ("IJ") Brigitte Laforest, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jia Xin Ou*, No. A099 670 040 (B.I.A. Apr. 30, 2009), *aff'g* No. A099 670 040 (Immig. Ct. N.Y. City Oct. 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-settled. *See*

8 U.S.C. § 1252(b)(4)(B); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007); *see also Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Contrary to Ou's argument, the IJ properly based her denial of his applications for relief on *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-12 (2d Cir. 2007) (en banc), the controlling authority at the time she rendered her oral decision, rather than based on the law as it stood on the day of Ou's April 2007 merits hearing. The IJ could not have made her decision prior to DHS's completion of the requisite background checks. *See* 8 C.F.R. § 1003.47(g) (requiring all identity, law enforcement, and security investigations to be completed prior to an IJ granting an application for immigration relief). Once these background checks were complete, the IJ was bound to apply the law as it stood on the day of her decision. *See Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97-98 (1993) (finding that courts are bound "to apply a rule of federal law retroactively after the case announcing the rule has already done so" in all cases still open on direct review).

Furthermore, we find no error in the agency's denial of relief. Lin does not contest that he was not eligible for

3

asylum based on his wife's forced abortion. *See Shi Liang Lin*, 494 F.3d at 309-12. Moreover, contrary to Ou's assertion, the factual record in the case was "adequately developed" with respect to the issue of Ou's "other resistance" to the Chinese family planning policy. *See Shu Wen Sun v. BIA*, 510 F.3d 377, 381 n.5 (2d Cir. 2007) (per curiam).

Moreover, the agency reasonably determined that even if Ou did engage in resistance to China's family planning policy, he failed to demonstrate that he was persecuted on account of that resistance. *See Shi Liang Lin*, 494 F.3d at 313 (citing *Matter of S-L-L*, 24 I. & N. Dec. 1, 10 (B.I.A. 2005)). Nothing in the record compels the conclusion that Ou's arrest, detention, and mistreatment upon his repatriation to China were as a result of his resistance to China's population control policy as opposed to his violation of the country's immigration laws. *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992) ("[P]unishment for violation of a generally applicable criminal law is not persecution.").

Because Ou's claims for withholding of removal and CAT relief were based on the same factual predicate as his

4

asylum claim, and the BIA reasonably found that he was unable to meet his burden for asylum, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't. of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____